THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00182-MR
(CRIMINAL CASE NO. 1:07-cr-00063-MR-1)

PHILLIP DWAYNE KENT,       )
                           )
                           )
        Petitioner,         )
                           )
vs.                        )   **MEMORANDUM OF**
                           )   **DECISION AND ORDER**
UNITED STATES OF AMERICA,  )
                           )
        Respondent.         )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Petitioner is represented by Andrew Brady Banzhoff. Petitioner Phillip Dwayne Kent moves this Court to vacate his 240-month sentence, based on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) and the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] In

---

[1] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, where the Fourth Circuit had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."

response to the motion to vacate, the Government has waived the one-year statute of limitations and the post-conviction waiver in Petitioner's plea agreement, and the Government asserts that Petitioner is entitled to be resentenced without application of a statutory mandatory minimum sentence of 240 months' imprisonment.

## BACKGROUND

Petitioner Phillip Dwayne Kent was charged by a grand jury in a seven-count indictment with conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846; two counts of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); three counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g); and one count of possession of a firearm by a drug user, in violation of 18 U.S.C. § 922(g)(3). [Criminal Case No. 1:07-cr-00063-MR-1, Doc. 1: Indictment]. The Government filed an Information pursuant to 21 U.S.C. § 851, giving notice of Petitioner's two prior drug offenses, including a conviction for obtaining a controlled substance by fraud/forgery (for which Petitioner received a sentence of six to eight months of imprisonment), and

---

406 F.3d 242, 246 (4th Cir. 2005). Moreover, the Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

a conviction for possession with intent to manufacture, sell, or deliver a controlled substance (for which Petitioner received a sentence of thirteen to sixteen months of imprisonment). [Id., Doc. 29: Information; Doc. 64 at ¶¶ 46, 49: PSR]. With these enhancements and the drug amount alleged in the indictment, Petitioner faced mandatory life imprisonment for the conspiracy offense. See 21 U.S.C. § 841(b)(1).

Petitioner entered into a plea agreement with the Government, in which he pled guilty to Count One (the conspiracy offense) and Count Two (one of the § 924(c) offenses). [Id., Doc. 44: Plea Agreement]. As part of the agreement, Petitioner acknowledged the minimum sentence for the drug charge would be ten years unless he had a prior conviction for a felony drug offense, in which case the minimum would be twenty years. With regard to the gun charge, he acknowledged that the minimum sentence was one of five years, consecutive to the sentence for the drug charge. He also agreed that he was responsible for more than fifty 50 grams less than 150 grams of crack cocaine; and waived his rights to appeal or challenge in a post-conviction proceeding his conviction or sentence, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or the reasonableness of any upward variance from the applicable guidelines range. [Id. at ¶¶ 5; 8(a); 21].

In exchange for the guilty plea, the Government filed an amended § 851 information, noticing only the prior conviction for possession with intent to manufacture, sell, or deliver, and then a second amended § 851 information, noticing only the prior conviction for obtaining a controlled substance through fraud or forgery. [Id., Docs. 48; 50].

Following entry of the guilty plea, a United States Probation Officer prepared a Pre-Sentence Investigation Report (PSR). Based on the Petitioner being responsible for between 50 and 150 grams of cocaine base, it was determined that his base offense level was 30. [Id., Doc. 64 at ¶ 27]. Accounting for a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 27 with a criminal history category IV, yielding a guideline sentencing range of 100 to 125 months. [Id. at ¶ 82]. In light of the §851 notice, however, the statutory minimum sentences were twenty years of imprisonment for the conspiracy offense and a consecutive five years of imprisonment for the § 924(c) offense. [Id. at ¶ 81]. This Court relied on the second amended § 851 Information that set forth only the prior conviction for obtaining a controlled substance by fraud, and sentenced Petitioner to 240 months of imprisonment on the conspiracy charge and a consecutive 60 months on the § 924(c) charge. [Id., Doc. 73: Judgment]. The Court entered the judgment on April 8, 2008.

[Id.]. Petitioner appealed, but his appeal was dismissed because of the waiver contained in his plea agreement. [Id., Doc. 75: Notice of Appeal; Doc. 84: Order]. The Fourth Circuit's mandate issued on March 11, 2009. [Doc. 86: Mandate].

Petitioner filed his motion to vacate, set aside, or correct the 240-month sentence pursuant to 28 U.S.C. §§ 2255 and 2241 more than four years later, on July 24, 2012. [Doc. 1]. He also seeks alternative relief under the writs of *audita querela* and error *coram nobis.*

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in

section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." 21 U.S.C. § 802(44). Here, this Court enhanced Petitioner's sentence based on his prior conviction for obtaining a controlled substance by fraud or forgery. Petitioner, however, could not have received a sentence of more than eight months of imprisonment for that conviction, given his criminal history.[2] Under <u>Simmons</u>, Petitioner's prior conviction for obtaining a controlled substance through fraud or forgery does not qualify as a "felony drug offense" because it was not punishable by more than one year in prison. Without this prior conviction and without the § 851 enhancement, Petitioner faced a mandatory minimum sentence of only ten years based on the drug quantities. The Government concedes that the application of the 240-month mandatory minimum deprived this Court of discretion to depart downward from a lower guideline term, and therefore Petitioner's sentence violated due process, citing <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980). Accordingly, the Government recommends that this Court

---

[2]  While Petitioner's other prior conviction (for possession with intent to manufacture, sell, or distribute) was punishable by more than one year in prison, the Government did not give notice of this conviction as a predicate conviction in its second amended § 851 notice.

6

grant Petitioner's motion to vacate and that this Court re-sentence Petitioner without application of the 240-month mandatory minimum.

This action, however, was filed well beyond the limitations period of one year. 28 U.S.C. §2255(f). The Government has expressly waived the statute of limitations and has declined to enforce the Petitioner's waiver of his right to pursue collateral relief as to his sentence. [Doc. 4 at 4-5]. Accordingly, the Court will reach the merits of Petitioner's Section 2255 motion. See Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating that, where the Government expressly elects not to enforce waiver provision, the court may decline to consider it).

The Court agrees with the Government that Petitioner should be re-sentenced without application of a 240-month mandatory minimum sentence. Therefore, the Court will grant the motion to vacate and will order Petitioner to be re-sentenced in accordance with this order. Petitioner's consecutive 60-month sentence imposed for Count Two remains unchanged.

**CONCLUSION**

In sum, for the reasons stated herein, the Court grants Petitioner's

Section 2255 petition and orders Petitioner to be resentenced without application of a 240-month mandatory minimum sentence. In all other respects, Petitioner's conviction and judgment remains undisturbed.

**O R D E R**

**IT IS THEREFORE ORDERED** that Petitioner's petition under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED** and Petitioner's sentence is **VACATED**, and Petitioner shall be re-sentenced in accordance with this Order. In all other respects Petitioner's conviction and Judgment remain undisturbed.

**IT IS FURTHER ORDERED** as follows:

(1) The United States Marshal shall have the Defendant present in Asheville, North Carolina, for the April, 2014 sentencing term;

(2) The Clerk of Court shall calendar this matter for that term; and

(3) The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide notification and/or copies of this Order to the United States Attorney, counsel for the Petitioner, the United States Marshals Service, and the United States Probation Office.

**IT IS SO ORDERED.** Signed: January 20, 2014

Martin Reidinger
United States District Judge