**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Criminal Case No. 1:07-cr-00063-MR-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **PHILLIP DWAYNE KENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** comes before the Court on the Defendant's "Motion to Request Correction of Clerical Error by Omission Pursuant to Fed. R. Crim. P. Rule 36" [Doc. 105].

On October 18, 2007, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two).  On March 28, 2008, the Defendant was sentenced to a statutory mandatory minimum term of 240 months' imprisonment on Count One and 60 months' imprisonment on Count Two, for a total of 300 months'

imprisonment. [Doc. 73]. The Defendant filed a direct appeal, but his appeal was dismissed. [Doc. 84].

On July 24, 2012, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 97]. On January 21, 2014, the Court granted the Defendant's motion to vacate and ordered the Defendant be resentenced without application of the statutory mandatory minimum of 240 months' imprisonment on Count One. [Doc. 99].

On April 8, 2014, the Defendant was resentenced to a term of 72 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two. [Doc. 103]. Included in the Judgment was the following recommendation to the Bureau of Prisons:

> The defendant spent from 8/15/2006 to 8/8/2007 in state custody as a result of the offense for which sentence is imposed herein. This information is provided for the purpose of allowing the defendant such credit as he is entitled pursuant to 18 USC 3585.

[Id. at 2].

The Defendant now returns to this Court, requesting correction of a "clerical error" of the Judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Specifically, the Defendant argues that the above-referenced recommendation "has caused confusion for the Bureau of

Prisons due to the omission of required verb[i]age from U.S.S.G. § 5G1.3(E)(ii)[1]," which the Defendant contends has resulted in the Bureau of Prisons refusing to award him credit for time served in state custody from August 15, 2006 to August 8, 2007. [Doc. 105].

The Defendant's motion must be denied. Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. There is, however, no clerical error in the Court's Judgment. Section 5G1.3 of the Sentencing Guidelines pertains to a situation where a defendant is sentenced while still being subject to an undischarged term of incarceration from some other matter. The Guideline calls for the different treatment of such terms depending on whether the basis for such other charges relates to actions that constituted relevant conduct for the defendant in the case presently subject to sentencing. When the Defendant was sentenced, however, the Defendant's state sentence had been discharged. [See Doc. 64 at 12]. Therefore, § 5G1.3 was not relevant to his sentence and no

---

[1] The Court notes that there is no U.S.S.G. § 5G1.3(E)(ii). The Defendant is presumably referring to provisions in the Application Notes to U.S.S.G. § 5G1.3.

language was required in the Judgment relating to that section.[2]  The Court did, however, include in the Judgment reference to the fact that the Defendant had been held in state custody relative to the conduct at issue in this case.  This information was provided for the purpose of assisting the Bureau of Prisons to calculate what credit, if any, to which the Defendant was entitled pursuant to 18 U.S.C. § 3585.  The calculation of the credit owed to the Defendant for time served is performed by the Bureau of Prisons, not the sentencing court.  See United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Miller, 49 F.Supp.2d 489, 492 (E.D. Va. 1999).  As such, the Court cannot award the Defendant any credit for the time he served while in state custody.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Request Correction of Clerical Error by Omission Pursuant to Fed. R. Crim. P. Rule 36" [Doc. 105] is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge

_____
[2] The Court notes that the original Judgment in this matter entered by Judge Thornburg also contained no reference or citation to section 5G1.3.