# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:07-cr-00063-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PHILLIP DWAYNE KENT, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 113], which the Court construes as a motion for jail credit, and the Defendant's Motion for Appointment of Counsel [Doc. 114].

In his first motion, the Defendant asks the Court to correct an error regarding the calculation of his sentence and, particularly, the amount of jail credit to which he is entitled. [Doc. 113]. The Attorney General, not the sentencing court, is responsible for computing a prisoner's sentence credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisons. Only after such administrative remedies have been exhausted can a prisoner

then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Here, the Defendant asserts that he has exhausted his administrative remedies with the BOP. [Doc. 113 at 1]. If that is in fact the case, the Defendant should seek judicial review in the district of his confinement pursuant to § 2241.

The Defendant also seeks the appointment of counsel to represent him in pursuing this matter. [Doc. 114]. The Defendant's motion must be denied. "[I]n the postconviction context[,] prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). Nonetheless, the Court may appoint counsel to represent a prisoner when the interests of justice so require and the

prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B).

In the instant case, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, the Defendant's request for the appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 113], which the Court construes as a motion, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Appointment of counsel [Doc. 114] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 11, 2016

Martin Reidinger
United States District Judge